# Richmond

W. K. CUNNINGHAM, JR., SUPERINTENDENT, ETC. v. LOUIS NORWOOD SMITH.

April 27, 1964.

Record No. 5768.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Reno S. Harp, III, Assisant Attorney General (Robert Y. Button, Attorney General, on brief), for the plaintiff in error.*

*Robert P. Beaver (Bremner, Merhige, Byrne, Montgomery & Baber, on brief), for the defendant in error.*

CARRICO, J., delivered the opinion of the court.

This writ of error, awarded W. K. Cunningham, Jr., Superintendent of the Virginia State Penitentiary, challenges the ruling of the trial court, rendered in a habeas corpus proceeding, that Louis Norwood Smith was being detained by the Superintendent without lawful authority.

On April 4, 1960, Smith was indicted for incest by the Grand Jury of the City of Hampton. On the same date, he was also indicted by the same grand jury for rape.

Smith was arraigned and entered a plea of not guilty to each charge. On April 25, 1960, he waived trial by jury and was on that date tried and convicted by the court of each offense. He was sentenced to five years in the penitentiary on the incest indictment and to ten years for rape.

On December 19, 1962, Smith filed his petition for a writ of habeas corpus in the Law and Equity Court of the City of Richmond. He alleged that his convictions and sentences were void because the orders of conviction failed, "to show the consent and concurrence of the Commonwealth's Attorney in the waiving of a trial by jury on the part of the petitioner as mandatorily required by Section 8 of the Constitution of Virginia."

Attached to Smith's petition were copies of his orders of conviction. The orders, insofar as they relate to the question before us, were identical and in the following language:

"Whereupon the accused was arraigned and after private consultation with Robert Quinn and Percy Carmel, counsel of his own choosing, pleaded not guilty to the indictment, which plea was tendered by the accused in person, and the Court being of the opinion that the accused fully understood the nature and effect of his plea, proceeded to hear and determine the case without the intervention of a jury, the defendant having waived same after consultation with his attorneys, and having heard the evidence of the Commonwealth. . . ."

The trial court ordered Smith's petition to be filed and directed the Superintendent to show cause why the writ of habeas corpus should not issue. In response to the show cause order, the Superintendent filed an answer. Attached to the answer were copies of each of the indictments which had been returned against Smith. On the reverse side of the indictments, in the handwriting of the Judge of the Circuit Court of the City of Hampton, was a notation in language, insofar as it pertains to the question before us, as follows:

"The def. arraigned with counsel of own choosing, Percy Carmel &. Robert Quinn and pleaded not guilty. The def. with advice of his attorneys waived trial by jury, concurred in by com. atty. The court heard this evidence and finds this def. guilty . . . .

4/25/60                                   F. A. K., Judge"

The Superintendent's answer also alleged that on November 6, 1962, a *nunc pro tunc* proceeding was held in the Circuit Court of the City of Hampton as a result of which new orders of conviction were entered in Smith's case, as of April 25, 1960, the original date of conviction, showing the concurrence of the Commonwealth's Attorney in Smith's waivers of trial by jury.

The Law and Equity Court of the City of Richmond ruled that Smith was detained without lawful authority and ordered the Superintendent to discharge him into the custody of the Commonwealth's Attorney for the city of Hampton.

The Attorney General, in argument before us, stated that because Smith was not present at the *nunc pro tunc* proceeding of November 6, 1962, the orders entered as a result thereof were invalid. The Attorney General then agreed with counsel for Smith that the sole question to be decided is whether the endorsements on the reverse side of the indictments, in the handwriting of the Judge of the Circuit Court of the City of Hampton, were sufficient to enter of record the concurrence of the Commonwealth's Attorney in the waivers of trial by jury as required by Section 8 of the Constitution of Virginia. That section reads, in part, as follows:

"In criminal cases, the accused may plead guilty; and, if the accused plead not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record, he may be tried by a smaller number of jurors, or waive a jury. In case of such waiver, or plea of guilty, the court shall try the case."

The Superintendent contends that since the indictments were a part of the record and since the concurrence of the Commonwealth's Attorney was noted by the court on the indictments, the concurrence was then entered of record.

The Superintendent cites the case of *Commonwealth* v. *Cawood*, 2 Va. Cas. (4 Va.) 527, as authority for the proposition that the indictment is a part of the record. It is true that there the court said:

" . . . We admit, that after a Grand Jury has found a Bill, and reported it, and their finding is placed on the record, that the Indictment so found, and endorsed, becomes as much a part of the record, as if it was spread in extenso on the Order Book . . . ." 2 Va. Cas., at p. 542.

But this is not to say that because the indictment thus becomes *a part* of the record it is then *the record* upon which may be entered

those subsequent proceedings which are required by law to be entered of record.

If the Superintendent's contention were to be adopted, once an indictment is properly returned and recorded, there would be no necessity to make any further entries in the order book. All subsequent proceedings could merely be endorsed on the indictment. Surely this is not the law in this Commonwealth.

The record spoken of in Section 8 of the Constitution is that which distinguishes a court of record from one not of record. It is the order book in which, by Code, §§ 17-27 and 17-28, are required to be kept the proceedings, orders and judgment of courts of record.

A court speaks only through its orders. In those cases where the jurisdiction of the court depends upon compliance with certain mandatory provisions of law, the court's order, spread upon its order book, must show such compliance or jurisdiction is not obtained. *Simmons* v. *Commonwealth*, 89 Va. 156, 159, 15 S. E. 386; *Price* v. *Commonwealth*, 21 Gratt. (62 Va.) 846, 858, 859; *Commonwealth* v. *Cawood, supra*, 2 Va. Cas., at p. 542.

Compliance with the mandatory provisions of Section 8 of the Constitution is essential to the jurisdiction of the court to try an accused without a jury. *Cave* v. *Cunningham*, 203 Va. 737, 738, 739, 127 S. E. 2d 118; *Catlett* v. *Commonwealth*, 198 Va. 505, 508, 95 S. E. 2d 177.

In the case before us, the endorsements on the reverse side of the indictments, standing alone, constitute nothing more than a memorandum of the trial court. While they leave no doubt that the Commonwealth's Attorney did, in fact, concur in the waiver of trial by jury, they do not satisfy the constitutional requirement that such concurrence be entered of record. The failure of the original orders of conviction, and the order book, to record such concurrence is fatal.

The order of the Law and Equity Court of the City of Richmond directing the discharge of Smith from the custody of the Superintendent of the Virginia State Penitentiary will be affirmed. That portion of the order directing that the custody of Smith be delivered to the Commonwealth's Attorney of the city of Hampton will be modified to provide that Smith be returned to the custody of the Circuit Court of the city of Hampton, to be dealt with as the Commonwealth's Attorney of that city may be advised.

*Modified and affirmed.*