**Salem**

MILLARD McCUTCHAN WRIGHT

v.

COMMONWEALTH OF VIRGINIA

No. 0118-86

Decided June 16, 1987

Counsel

R. Creigh Deeds, for appellant.

W. Mark Dunn, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.** — Millard McCutchan Wright was convicted of two counts of driving a motor vehicle under a revoked or suspended license in violation of Code § 46.1-350 and contends on this appeal that he was denied his right to trial by jury. We agree; therefore, we reverse the convictions and remand for a new trial.

In March 1985, Wright was stopped by a state police officer in Highland County for a routine license check and was ticketed for driving while his license was suspended. Two hours later, he was stopped by a second state police officer and ticketed for the same offense.

Wright was convicted in the general district court on both counts of driving under a revoked or suspended license. After Wright noted an appeal to the circuit court, he was advised by letters from the clerk of the circuit court that his trials were scheduled for October 11, 1985. On October 11, 1985, he appeared for trial, was advised of his right to be represented by an attorney, and was appointed an attorney after executing an affidavit of indigency. The record does not reflect whether the attorney was present at the time of appointment. Also on October 11, a

new trial date was set for November 14, 1985. Subsequent to October 11, Wright and his court-appointed attorney were advised by letters from the clerk that the trial was scheduled for November 14.

Immediately prior to trial on November 14, Wright's attorney made a motion in chambers that the case be tried by a jury. During the *in camera* discussion on the motion it was disclosed that Wright "was first advised of his right to a trial by jury on October 21, 1985, by his court-appointed attorney." Wright's attorney stated that it was his impression, after discussing the pros and cons of a jury trial with Wright, that the case would be tried by the judge rather than by a jury. It was also disclosed that two days prior to trial Wright again discussed the possibility of trial by jury with his attorney; however, no firm decision was reached. The court denied the motion for trial by jury.

Wright entered pleas of not guilty and was convicted on both counts of driving while his license to drive was suspended. On one count he was fined $100, sentenced to ten days in jail, ordered to pay $112.50 costs, and had his license suspended for ninety days; on the other count he was fined $100, sentenced to thirty days in jail, to run concurrent with the previous sentence, ordered to pay $112.50 costs, and had his license suspended for six months.

Wright contends that he was deprived of his right to be tried by a jury in contravention of statutory and constitutional guarantees. In rebuttal, the Commonwealth contends that Wright failed to make a reasonably specific objection at trial and, further, that Wright consented to a bench trial and waived his right to be tried by a jury. We conclude from the written statement of facts, filed in accordance with Rule 5A:8, that Wright specifically requested a jury trial and that the trial judge considered and ruled on the question. Therefore, Rule 5A:18 does not bar our review of the merits of this appeal.

Wright was subject to the following penalties for violations of Code § 46.1-350:

> Any person violating this section shall for the first offense be confined in jail not less than 10 days nor more than 6 months; and may in addition be fined not less than $100 nor

more than $200; and for the second or any subsequent offense be confined in jail not less than 2 months nor more than 1 year; and may in addition be fined not less than $200 nor more than $1,000.

Code § 46.1-387(a) makes a violation of Code § 46.1-350 a misdemeanor.[1]

▮ Article I, Section 8, of the Constitution of Virginia guarantees "[t]hat in criminal prosecutions, a man hath a right to . . . a speedy and public trial, by an impartial jury of his vicinage." This constitutional guarantee "unquestionably . . . applies to misdemeanors as well as to felonies." *Bowen v. Commonwealth*, 132 Va. 598, 603, 111 S.E. 131, 132 (1922).

▮ The Commonwealth asserts that Wright waived his right to a jury. The statement of facts, however, does not support that conclusion. Where, as here, the Commonwealth asserts that an accused "elected a bench trial," there must be a showing of some deliberate action by the accused indicating an election to forego his right to a jury trial. "[I]t is . . . necessary that this consent be in some manner made manifest. Something more than simple silence must appear." *Boaze v. Commonwealth*, 165 Va. 786, 792, 183 S.E. 263, 265 (1936). The record must indicate that the accused made a knowing, intelligent and voluntary waiver of the right to trial by jury. *See* Rule 3A:13(b);[2] *see also Carter v. Commonwealth*, 2 Va. App. 392, 398-99, 345 S.E.2d 5, 9 (1986). We can find nothing in this record indicating that Wright waived his right to a jury trial in accordance with these principles.

[1] Code § 46.1-387(a) states that "[i]t shall be a misdemeanor for any person to violate any of the provisions of this chapter unless such violation is by this chapter or other law of this Commonwealth declared to be a felony." The violations for which Wright was charged are not felonies. *See* Code § 18.2-8.

It should also be noted that the violations are not "traffic infractions," *see* Code § 46.1-1(40); and, thus, they are not covered by the express provision of Code § 19.2-258.1 that "[f]or any traffic infraction case appealed to a circuit court, the defendant shall have the right to a trial by jury."

[2] Rule 3A:13(b) provides:

*Waiver of Jury in Circuit Court.* - If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. The court *shall determine before trial that the accused's consent was voluntarily and intelligently given*, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record. (emphasis added).

There is no indication that the trial court required Wright at any time prior to the trial date to elect either trial by jury or trial by the bench. Subsequent to Wright's appeal from the convictions in general district court, a letter from the clerk notified him of the October 11 trial date, but the letter neither informed him of his right to a jury trial nor required him to decide whether he desired a jury or bench trial.

The written statement of facts recites, in part, as follows:

Wright appeared on that date [October 11, 1985] and requested court appointed counsel. Upon the proper showing of indigency, counsel was appointed, and a new trial date was set for November 14, 1985, without a jury.

Immediately prior to trial on November 14, 1985, counsel for the defendant made a motion in chambers that the case be tried before a jury. During a discussion in the chambers, it was disclosed that Mr. Wright was first advised of his right to a trial by jury on October 21, 1985, by his court appointed counsel.

The recitation that the trial court on October 11 set a new trial date "for November 14, 1985, without a jury" is insufficient, standing alone, to establish that on October 11 Wright was informed of his right to a jury trial, *see* Part III A, Rules of the Supreme Court of Virginia (Appendix) Form 7, and elected a bench trial. Absent evidence in the record that Wright was informed of his right to a jury trial and that he in fact chose a bench trial, the recitation in the statement of facts that the trial was set "without a jury" fails to establish that Wright made a voluntary and intelligent choice to forego trial by jury.

Moreover, the cited passage from the record clearly states that Wright "*was first advised* of his right to a trial by jury on October 21, 1985" (emphasis added) when he initially met with his counsel and "discussed the pros and cons of a bench trial as opposed to a jury trial." To conclude from the statement of facts that Wright knowingly and intelligently waived his right to a jury trial on October 11, before he was first advised of that right, defies reason. Nothing in the record shows that he knew of his right to trial by jury on October 11 and we will not assume that he was so informed.

There is also no basis upon which we can conclude that Wright by his conduct concurred in a bench trial. As stated, the record does not establish that he was informed by the court on October 11 that the trial was scheduled to be heard without a jury. Wright's attorney affirmatively requested a jury trial by making a motion prior to the time the court convened for trial on November 14. *See Carter*, 2 Va. App. at 398, 345 S.E.2d at 9. Thus, it cannot be said that Wright by his conduct acquiesced in the bench trial.

■ Even if we were to find that Wright had consented to be tried without a jury, the convictions must nonetheless be set aside. Article I, Section 8 of the Constitution of Virginia also provides that "[i]f the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record . . . waive a jury." These conditions for waiver are reinforced by Code § 19.2-258 and Rule 3A:13(b).[3] *See also Kibert v. Commonwealth*, 216 Va. 660, 663, 222 S.E.2d 790, 791 (1976).

Although the Commonwealth asserts that Wright waived his right to be tried by a jury, nowhere in the record does his consent or the concurrence by the Commonwealth's attorney and the court appear.[4] The orders of conviction merely recite that the "court proceeded to hear and determine the case without a jury." Nothing further has been brought to our attention which establishes that Wright's consent and the concurrence by the Commonwealth's attorney and the court were entered "of record" as constitutionally mandated. This deficiency requires that the conviction be set aside. *See Cunningham v. Smith*, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964); *Cave v. Commonwealth*, 203 Va. 737, 738-39, 127 S.E.2d 118, 119 (1962).

---

[3] Code § 19.2-258 provides as follows:

In all cases of a misdemeanor upon a plea of guilty, tendered in person by the accused or his counsel, the court shall hear and determine the case without the intervention of a jury. If the accused plead not guilty, in person or by his counsel, the court, in its discretion, with the concurrence of the accused and the attorney for the Commonwealth, may hear and determine the case without the intervention of a jury.

Rule 3A:13(b) is reproduced at footnote 2.

[4] The "record" referred to "is the order book in which, by [statute], are required to be kept the proceedings, orders and judgments of courts of record." *Cunningham v. Smith*, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

We recognize that a last minute request for a jury trial may cause hardships and scheduling difficulties, but we also believe that it is not a problem without a solution. Under the scheme mandated by our constitution and augmented by statute and the Rules of the Supreme Court, circuit courts must assume that trial will be by jury unless and until the accused knowingly and intelligently waives that right and the attorney for the Commonwealth and the trial court concur in the decision to forego a jury trial. Unless the circuit courts are willing to accept delay and the inconvenience of rescheduling, they should not transfer to the attorney for the Commonwealth or to defense counsel the sole responsibility to timely determine the need for a jury.

Because we conclude that Wright was denied his state constitutional right to a jury trial, the convictions are reversed and the case is remanded for new trials if the Commonwealth be so advised.

*Reversed and remanded.*

Koontz, C.J., and Coleman, J., concurred.