COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


GAYE LYNN CLINE

v.   Record No. 0504-99-3

BOBBY GORDON CLINE

                                          MEMORANDUM OPINION*
BOBBY GORDON CLINE                            PER CURIAM
                                          DECEMBER 21, 1999

v.   Record No. 0580-99-3

GAYE LYNN CLINE


             FROM THE CIRCUIT COURT OF WYTHE COUNTY
                   J. Colin Campbell, Judge

        (David S. Saliba; Saliba & Company, P.C., on
        briefs), for Gaye Lynn Cline.

        (Michael E. Untiedt, on briefs), for Bobby
        Gordon Cline.


     Gaye Lynn Cline (wife) and Bobby Gordon Cline (husband)

appeal the equitable distribution decision of the circuit court.

In her appeal, wife contends that the trial court erred by

increasing husband's equity in the marital residence by crediting

him for post-separation mortgage payments.  Specifically, wife

contends that the trial court erred because (1) husband's mortgage

payments were, in fact, spousal support payments made pursuant to

the pendente lite spousal support order; and (2) awarding husband

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the entire post-separation equity retroactively modified the pendente lite support order.  Husband contends that the trial court erred by dividing the marital estate equally between the parties.  Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

### Record No. 0504-99-3

Wife contends that the trial court erred by crediting husband with post-separation contributions towards the mortgage on the marital farm.  We find no error in the trial court's decision and affirm.

Under the pendente lite order entered August 16, 1995, nunc pro tunc February 18, 1995, the trial court ordered husband to pay, among other things, certain costs and attorney's fees; $900 in monthly spousal support for wife; health insurance for wife; and the mortgage, insurance and expenses for maintenance of the marital farm.  See Code § 20-103.  Wife did not object to the order.  In the equitable distribution decision set out in the decree of divorce, the trial court found that the marital farm had an outstanding debt of $75,788.75 as of the date of separation, but that husband had "made payments of principal and interest which have reduced the indebtedness."  The court then ordered that "[a]ny equity between what is now owed and the amount owed [shown above] at the date of separation shall be the

-

sole property of Husband and shall be paid to him at the closing of the sale of the real estate pursuant to this order."

Based upon certain comments made by the trial court in its pendente lite ruling from the bench, and in the August 21, 1998 opinion letter, wife characterizes the post-separation mortgage payments as additional spousal support.  However, the trial court's pendente lite order listed husband's responsibility for the mortgage payments separately from his responsibility for "spousal support."  "A court speaks only through its orders." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  We "'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'"  Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (citation omitted).  Therefore, we do not agree with wife's characterization.

Moreover, even if we agreed with wife that the trial court intended the mortgage payments to be characterized as additional spousal support, that classification would not preclude the trial court from crediting husband for these payments.  See Code § 20-103(E) ("An order entered pursuant to this section shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause.").  Under the pendente lite order, husband bore the burden of preserving the marital estate until resolution of the matter by making these post-separation

-

payments out of his separate funds.  See Code § 20-103(A); § 20-107.3(A)(2).  The trial court was authorized "to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E."  Code § 20-107.3(G).  We cannot say that the trial court erred in crediting husband with the value by which his post-separation mortgage payments reduced the parties' joint debt.

For the reasons set out above, we also find no merit in wife's argument that the trial court's decision amounted to a retroactive modification of the spousal support awarded in the pendente lite order.  See Code § 20-103(E).

Record No. 0580-99-3

Husband contends that the trial court erred when it divided the marital assets equally between the parties because he made the greater monetary contributions during and after the marriage.  We disagree.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal."  Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630

-

(1989).  There is no presumption of equal distribution under the Virginia equitable distribution statute.  <u>See</u> <u>Papuchis v. Papuchis</u>, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986).

Here, the trial court considered the evidence and the statutory factors.  While husband earned more throughout the marriage, there was also evidence that wife provided bookkeeping services to husband's business and the marital farm.  We cannot say that the trial court abused its discretion when weighing the evidence.  Therefore, we find no grounds to reverse the trial court's distribution decision.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-