522 S.E.2d 392

**James Bedford FISHER, Jr.**

v.

**COUNTY OF ROANOKE.**

**Record No. 2372–98–3.**

Court of Appeals of Virginia,
Salem.

Dec. 28, 1999.

**216**

John H. Kennett, Jr., Roanoke, for appellant.

(John R. Alexander, Assistant Commonwealth's Attorney, on brief), for appellee. Appellee submitting on brief.

Present: BENTON, BRAY and BUMGARDNER, JJ.

BUMGARDNER, Judge.

James Bedford Fisher was convicted of reckless driving in violation of Code § 46.2–862. On appeal, he argues the trial court erred (1) in trying in the County of Roanoke an offense committed in the City of Roanoke and (2) in trying the offense which was charged as a violation of a county ordinance. Finding no error, we affirm.

The facts are not disputed. A county police officer observed the defendant driving over 80 miles per hour on U.S. Route 220. The offense occurred within the City of Roanoke but within 300 yards of the county. The officer charged the defendant with reckless driving by speed in violation of county ordinance " § 12.8 (§ 46.2–862)." The circuit court convicted

the defendant and stated in its order that he was convicted of violating Code § 46.2–862.

▮ The defendant argues that he could only be tried in the city where the offense occurred. He cites the Constitution of Virginia, Article 1, Section 8 and Code § 19.2–244 [1] and argues that any exception to this venue requirement is unconstitutional.

▮ While the Constitution of Virginia guarantees an accused a right to be tried by an impartial jury of his vicinage, the right is not absolute. It does not prohibit the enactment of statutes authorizing a change of venire or venue. *See Poindexter v. Commonwealth,* 218 Va. 314, 318, 237 S.E.2d 139, 142 (1977) (rejecting constitutional challenge to change of venue statute Code § 19.2–251); *Newberry v. Commonwealth,* 192 Va. 819, 826, 66 S.E.2d 841, 845 (1951).

▮ Code § 19.2–249 [2] is an exception to Code § 19.2–244 that permits an offense committed within 300 yards of the boundary between a city and a county to be charged and prosecuted in either jurisdiction. "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." *Last v. Virginia State Bd. of Med.,* 14 Va.App. 906, 910, 421 S.E.2d 201, 205 (1992). "The manifest intention of the legislature, clearly disclosed by its language, must be applied." *Anderson v. Commonwealth,* 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944). The statute is clear, and we must give the words their plain meaning. Code

---

**1.** Code § 19.2–244 provides in part: "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."

**2.** § 19.2–249. Offenses committed on boundary of two counties, or county and city, etc.; where prosecuted.—An offense committed on the boundary of two counties, or on the boundary of a county and city, or within 300 yards thereof, may be alleged to have been committed, and may be prosecuted and punished, in either county, or the county or city, and any sheriff, deputy sheriff, or other police officer shall have jurisdiction to make arrests and preserve the peace for a like distance on either side of the boundary line between such counties, or such county and city.

§ 19.2–249 permits the offense to be alleged, prosecuted, and punished in either jurisdiction. The trial court did not err in ruling that the defendant could be prosecuted in the County of Roanoke.

■ The defendant also argues that an offense that occurred within the city could not be prosecuted as a violation of a county ordinance. The summons charged reckless driving by speed and referred to the county ordinance as well as the state code by number. The conviction order stated that the defendant was convicted of violating Code § 46.2–862 and not of violating the corresponding county ordinance. The order from which the defendant appeals does not reflect the issue he raises. Therefore, this Court cannot consider the issue on appeal. A court speaks only through its orders. *See Cunningham v. Smith,* 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

Accordingly, we affirm the defendant's conviction.

*Affirmed.*