COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


BRIAN HEATH BAREFORD

                                    MEMORANDUM OPINION* BY
v.    Record No. 0564-00-2          JUDGE LARRY G. ELDER
                                         MARCH 27, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ESSEX COUNTY
                 Horace A. Revercomb, III, Judge

         A. Fleet Dillard, III (Dillard & Katona, on
         brief), for appellant.

         Shelly R. James, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     Brian Heath Bareford (appellant) appeals from his bench

trial convictions for ten felony counts of distributing

marijuana to a juvenile in violation of Code § 18.2-255 and six

misdemeanor counts of distributing marijuana in violation of

Code § 18.2-248.1.  On appeal, he contends the trial court

erroneously (1) convicted him of three of the counts of

misdemeanor distribution on insufficient evidence; and (2) held

an ex parte hearing and entered an order altering the sentence

appellant had already begun serving after the order had become

final.  We hold the evidence was insufficient to support the

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

misdemeanor conviction for distribution to Jerry Sigman because it failed to prove the distribution occurred in Essex County. We also hold that the error, if any, resulting from the allegedly improper ex parte proceedings was harmless and that the court retained jurisdiction to alter the sentence pronounced from the bench because no final order had yet been entered. Therefore, we reverse and dismiss the misdemeanor conviction for distribution to Jerry Sigman and affirm the other challenged convictions.

A.

SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

"[A] successful drug prosecution must establish both the existence of a proscribed substance and an accused's unlawful

-

activity with respect to it."  Hinton v. Commonwealth, 15 Va.

App. 64, 66, 421 S.E.2d 35, 37 (1992).

> The nature of the illegal substance transferred need not be proved by direct evidence but can be demonstrated by circumstantial evidence.  The types of circumstantial evidence that may be considered include the following: "[E]vidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that the transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence."
>
> Users and addicts, if they have gained a familiarity or experience with a drug, may identify it.

Hill v. Commonwealth, 8 Va. App. 60, 63, 379 S.E.2d 134, 136

(1989) (en banc) (quoting United States v. Dolan, 544 F.2d 1219,

1221 (4th Cir. 1976)) (other citations omitted).

We assume without deciding that appellant properly

preserved for appeal his challenge to the sufficiency of the

circumstantial evidence to prove the substance at issue was

marijuana, and we hold the evidence was sufficient to support

his two misdemeanor convictions for distributing marijuana to

Joseph Hayes between September 1 and December 31, 1998 (case

numbers 3793 and 3794).

-

Joseph Hayes testified he had smoked marijuana over one hundred times and that when he did, "[he would] get high." On two occasions, he purchased marijuana from appellant, paying him $50 the first time and $25 the second time. The substance he purchased from appellant also "[got him] high," and he was "pretty sure" it was marijuana. The only reasonable hypothesis flowing from Hayes' testimony, viewed in the light most favorable to the Commonwealth, was that the substance appellant sold him was, in fact, marijuana. That he did not give a physical description of the substance was not dispositive, for the evidence established his familiarity with marijuana and his belief that the substance was, in fact, marijuana.

Other evidence established that these sales occurred during the time frame alleged in the indictments, from September 1 to December 31, 1998. Hayes testified that he purchased marijuana from appellant twice during the fall of 1998. He confirmed that at least one of these purchases occurred after school started but said the other one could have occurred in August 1998 before school started. However, other evidence established that this second purchase also must have occurred on or after September 1, 1998. Other witnesses who frequented Sean Peace's house testified that appellant was not present at the Peace house, where the transactions occurred, until October 1998 or at least until after the school year began in September 1998. Thus, the evidence supported appellant's convictions for these offenses.

-

We also reject appellant's claim that the witnesses' testimony was not worthy of belief because the witnesses had been promised immunity and admitted to having hazy memories about the challenged offenses. The fact that the witnesses had been promised immunity went to the weight to be given the evidence, as did the testimony of the witnesses that their memories were hazy. The trial court had the opportunity to observe the witnesses as they testified and to judge their demeanor. We cannot say its decision to accept their testimony was error or that their testimony was insufficient to support the convictions.

Thus, we affirm appellant's two misdemeanor convictions for distributing marijuana to Joe Hayes.

We reach a different conclusion as to appellant's misdemeanor conviction for distributing marijuana to Jerry Sigman (case number 3779) because the evidence was insufficient to establish that appellant distributed marijuana to Sigman in Essex County between February 16 and April 14, 1999. "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. The Commonwealth may prove venue with either direct or circumstantial evidence. Green v. Commonwealth, 32 Va. App. 438, 447, 528 S.E.2d 187, 192 (2000). In either case, the evidence must be sufficient to present a "'strong presumption' that the offense was committed within the

-

jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

Here, the evidence established that appellant supplied marijuana to those present at Peace's house on some occasions between February 16 and April 14, 1999. However, when Sigman smoked marijuana at Peace's house during that time, he usually obtained the marijuana from "the table" and did not see who put it there. No other witnesses were able to provide an affirmative link between appellant and the marijuana Sigman smoked. Because other witnesses admitted to providing marijuana for use at Peace's house during that time, the evidence was insufficient to establish that appellant distributed marijuana to Sigman in Essex County during that time. At best, the evidence established that appellant distributed marijuana to Sigman in Newport News, which was insufficient to support his Essex County conviction for the charged offense. See Code § 19.2-244.

Therefore, we reverse and dismiss appellant's misdemeanor conviction for distributing marijuana to Jerry Sigman.

B.

EX PARTE HEARING AND ENTRY OF AMENDED SENTENCING ORDER

Appellant contends the sentencing order entered following the February 15, 2000 hearing is void because it was entered

-

more than twenty-one days after the December 21, 1999 sentencing order.  We disagree.

Under Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  In determining the date of entry of a final order, we note "[a] court speaks only through its orders," Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), and "orders speak as of the day they were entered," Vick v. Commonwealth, 201 Va. 474, 476, 111 S.E.2d 824, 826 (1960).  We "'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'"  Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (citation omitted).  "In order to toll the time limitation[] of Rule 1:1 . . . , the trial judge must issue an order modifying, vacating or suspending the sentence within twenty-one days of the entry of sentence."  D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992).

On November 16, 1999, the trial court entered an order indicating it had convicted appellant of eight felonies and eight misdemeanors.  On December 21, 1999, it entered a sentencing order for those eight felony and eight misdemeanor convictions.  However, at the hearing held that same date, the

-

parties and the court agreed that appellant had actually been convicted of ten felonies and six misdemeanors.  Based on that agreement, the court entered an amended conviction order which accurately reflected appellant's ten felony and six misdemeanor convictions, and the court indicated that a corrected sentencing order would be prepared.

We hold that entry of the amended conviction order, viewed in conjunction with the original conviction order, made clear the error in the December 21, 1999 sentencing order and served to vacate the erroneous sentencing order.  Thus, the twenty-one day limit of Rule 1:1 did not begin to run on December 21, 1999, and the trial court retained authority over appellant's sentence until twenty-one days after February 25, 2000, the date of entry of the corrected sentencing order.  Accordingly, the trial court had jurisdiction to alter the terms of appellant's sentence and was not bound by its prior statement that it would refer him to the detention center rather than for active incarceration.

Further, we hold that the ex parte communications between the trial judge and the Commonwealth's attorney on January 18, 2000 did not constitute reversible error because nothing of significance occurred on that date and because appellant had a full and fair opportunity to be heard on those same issues on a subsequent date.  Thus, even assuming the alleged improper communications had constitutional significance, any error was "'harmless beyond a reasonable doubt.'"  See, e.g., Lavinder v.

-

Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967)); see id. (noting that "non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached'" (quoting Code § 8.01-678)).

The only action the court took on January 18, 2000 was to enter an order "vacat[ing] its oral ruling on December 21, 1999, that defendant shall enter the detention center program," and it entered that order sua sponte without the knowledge of the Commonwealth's attorney. However, because that ruling was oral and had not been included in a written order entered by the court, there was nothing for the trial court to vacate, and that portion of the January 18, 2000 order had no legal effect. See Cunningham, 205 Va. at 208, 135 S.E.2d at 773 (noting that a court speaks only through its orders); Frye v. Commonwealth, 231 Va. 370, 380, 345 S.E.2d 267, 275 (1986) (holding that ex parte order did not prejudice defendant because its entry was not required and it had no legal effect). The only other thing accomplished by the January 18, 2000 order was to schedule a hearing for February 15, 2000 for consideration of appellant's eligibility for incarceration at the detention center and entry of a final sentencing order. Appellant received timely notice of this hearing. Thereafter, he filed a written motion

-

outlining his position that the court was authorized to refer him to the detention center and was not required to impose a mandatory minimum sentence which included active incarceration. He also had ample opportunity at the February 15, 2000 hearing to argue this position and to offer expert testimony. Therefore, we conclude that the error, if any, resulting from the ex parte communication and entry of the ex parte order was harmless beyond a reasonable doubt.

For these reasons, we reverse and dismiss appellant's misdemeanor conviction for distribution to Jerry Sigman and affirm all other challenged convictions.

Affirmed in part,
reversed and
dismissed in part.

-