COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


THOMAS ARTHUR CHILTON, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 1265-00-2        JUDGE JAMES W. BENTON, JR.
                                 AUGUST 28, 2001
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Craig S. Cooley for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


The sole issue raised by this appeal is whether the

appellant's suspended sentence was extant when the trial judge

revoked it and ordered him to prison.  We hold that it was and

affirm the judgment.

I.

On October 4, 1990, Thomas A. Chilton, Jr. signed a plea

agreement, and he pled guilty to one count of forgery and to one

count of uttering.  By order entered November 21, 1990, the trial

judge sentenced Chilton "on the charge of forgery, to . . . a term

of 10 years, with all suspended for 10 years upon the conditions

that [Chilton] serve 12 months in . . . jail" and "[o]n the charge

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of uttering, . . . to . . . a term of 10 years, with all suspended for 10 years."  The order included as "conditions of the suspended . . . sentences . . . that [Chilton] must keep the peace, be of good behavior and obey all laws for a period of 10 years (each charge)."  In addition, the order "places [Chilton] on supervised probation upon release from confinement."  Several years later, in a ruling that is not contested by this appeal, the trial judge amended the sentencing order to delete the requirement of "supervised probation upon release from confinement" and found that this requirement "was not a part of [Chilton's] plea agreement."

Following a hearing in April 1992, the trial judge found that Chilton violated the conditions of his suspended sentence.  The judge entered an order on April 22, 1992 revoking "the previously suspended sentence . . . on the charge of forgery," ruling that "the previously suspended sentence on the charge of uttering remain as previously imposed," and sentencing Chilton, "on the charge of forgery, to confinement . . . for a term of 9 years." Following hearings in April 2000 and May 2000, the trial judge found that Chilton again violated the conditions of his suspended sentence.  The judge entered orders on May 19, 2000 which revoked the previously suspended ten-year sentence on the charge of uttering and "re-suspend[ed] 5 years [of that sentence], giving [Chilton] 5 years to serve."  This appeal followed from the entry of the May 19, 2000 orders.

-

II.

Chilton contends that his arrest in 1992 revoked his suspended sentence on the uttering charge and that the trial judge did not re-suspend the uttering sentence when he revoked Chilton's forgery sentence. He argues that the judge's oral comments at the 1992 hearing are dispositive of his actual ruling and prove that the judge did not re-suspend the uttering sentence. Therefore, Chilton contends the trial judge erred by imposing a sentence on the uttering charge on May 19, 2000.

Chilton relies on Code § 19.2-306 for his argument that his arrest automatically revoked the suspended sentence on the uttering conviction. In pertinent part, that statute states as follows:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . revoke the suspension of sentence . . . and cause the defendant to be arrested . . . , whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.

The trial judge's Show Cause Order, which was the basis for Chilton's arrest in February 1992, merely provided that Chilton should "show cause why the suspended sentence previously imposed should not be revoked." Whether or not Chilton's arrest revoked the suspended sentence, the issue remains whether the trial judge re-imposed it as the statute allows. The record establishes that at the close of the 1992 hearing, the judge

-

said:  "The Court will revoke the balance of the 10 years that it sentenced you on the forgery offense and require that you pull the balance of that time in the penitentiary."  Although this comment does not mention the uttering charge, it also does not indicate that the judge intended Chilton to be free of the burden of the other suspended sentence.

More importantly, the express language of the trial judge's 1992 order directly contradicts Chilton's argument.  The Supreme Court has consistently "stated that '[i]t is the firmly established law of this Commonwealth that a trial court speaks only through its written orders.'"  Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140 (1998) (citation omitted).  See also Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  Moreover, appellate courts "presume" that the trial judge's order "accurately reflects what transpired."  Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).  In view of the opportunity that attorneys are afforded to have orders corrected, see id., and in the absence of an objection to an order, we will apply "[t]his presumption . . . where an order conflicts with a transcript of related proceedings."  Marttila v. City of Lynchburg, 33 Va. App. 592, 598, 535 S.E.2d 693, 696 (2000).

The record establishes that the April 22, 1992 order contains the judge's explicit ruling "that the previously suspended sentence on the charge of uttering remain as previously imposed."

-

Thus, Chilton was subject to the conditions attendant to the suspension of the uttering sentence when the Commonwealth alleged he violated those conditions. We hold that the trial judge did not err in entering orders on May 19, 2000 revoking the suspended sentence on the uttering charge.

By reply brief, Chilton argues for the first time that the April 22, 1992 order was not served on him and that he had a right to notice and to be present "when an alteration or addition to his sentence is made." At the hearing from which this appeal arises, Chilton's trial attorney only argued "that when the plea bargain was entered in this case . . . the 20 years was all handled together . . . [and] that there is still no outstanding time on the uttering charge." Because Chilton raised no issue at trial concerning a right to be present or any other due process concerns, we will not consider those issues on appeal. See Rule 5A:18.

For these reasons, we affirm the judgment.

Affirmed.

-