COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Frank and McClanahan
Argued by teleconference


IDLEFONSE RIVERA
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1857-03-1                        JUDGE ROBERT P. FRANK
                                                          MAY 11, 2004
CITY OF HAMPTON DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON[1]
Louis R. Lerner, Judge

Corry Smith-Ashley for appellant.

Lesa Yeatts, Deputy City Attorney, for appellee.

Carter Phillips, Guardian *ad litem* for Imani Rivera.


The residual parental rights of Idlefonse Rivera (father) were terminated by order of the

Circuit Court for the City of Hampton.[2]  On appeal, father contends the trial court erred in

finding he was unwilling and unable within a reasonable time, without good cause, to remedy

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although neither party notes this error, the final order addressed in this appeal indicates it was entered in the juvenile and domestic relations district court rather than in circuit court. However, the record clearly indicates the proceedings and order appealed to this Court were entered in the Hampton Circuit Court.  We note the circuit court should enter a *nunc pro tunc* order to correct this clerical error.  See Code § 8.01-428(B).

[2] The trial court also terminated the parental rights of the mother, Quiara Reedy.  She did not appeal.

substantially the conditions that led to his son's foster care placement. For the reasons given, we affirm the judgment of the trial court.[3]

Father contends the trial court erred in finding that he, without good cause, was unwilling and unable within a reasonable time to remedy substantially the conditions that led to the child's foster care placement. We raise the question *sua sponte* whether appellant preserved this issue. We conclude he did not.

Father's counsel endorsed the final termination order, "Have Seen and Objected to." However, the written statement filed as the record, pursuant to Rule 5A:8(c), did not recite father's arguments or any objections he made to the trial court's rulings. The only reference in the written statement indicated, "Mr. Rivera noted his exception to the ruling and requested an appeal."

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. See id. at 515, 404 S.E.2d at 738. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was

---

[3] The Notice of Appeal failed to indicate whether father mailed or gave notice of the appeal to the child's guardian *ad litem*, and he did not comply with the certification requirement in Rule 5A:6(d). This Court issued a show cause for the parties to address whether this Court had jurisdiction to hear the appeal, given these deficiencies. See Hughes v. York County Dep't of Soc. Servs., 36 Va. App. 22, 548 S.E.2d 237 (2001). Father, the City, and the guardian *ad litem* filed briefs, each agreeing that this Court had jurisdiction. The guardian *ad litem* indicated he received timely notice of the appeal, even though he was not designated on the certificate. Rather than address whether actual, timely notice is sufficient to confer jurisdiction, for the purpose of this memorandum opinion, we assume we have jurisdiction.

narrow enough to make obvious the basis of appellant's objection."
Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000).

Father filed a written statement in lieu of a transcript, pursuant to Rule 5A:8(c). According to the rule, the written statement must include "facts, testimony, and other incidents of the case." Specific objections intended to preserve an issue for appeal must be included as incidents of the case. Cf. Wright v. Commonwealth, 4 Va. App. 303, 305, 357 S.E.2d 547, 549 (1987) (noting the written statement included appellant's request for a jury, thereby preserving the issue for appeal).

Here, the written statement does not mention or describe any motions to strike, closing arguments, motions to set aside, or motions to reconsider. It only notes father's general exception to the trial court's ruling. The signed endorsement of the final order of termination indicates father "[o]bjected to" the ruling, but does not set forth specifically the contested issues.

> Counsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.

Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738 (citations omitted).

Father chose not to produce a transcript, and he concedes that he did not include the "incidents of the case" in the written statement. He did not file any post-trial motions arguing his position. Thus, the record before us fails to set forth the issues raised below.

> We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated

- 3 -

> legal reasons to support his theory or merely argued the weight of the evidence.

Id. at 516-17, 404 S.E.2d at 738-39.

Further, the trial court's ruling in this case was not "narrow enough to make obvious the basis of [father]'s objection." Mackie, 16 Va. App. at 231, 429 S.E.2d at 38. The trial court terminated father's rights because "[his] incarceration and inability to provide the Court with certain remedies to his employment and housing status left . . . no other alternative." We cannot be certain of the basis on which father objected to this ruling. Under § 16.1-283(C)(2), the court must consider a number of factors before ordering the termination of parental rights. Thus, father could have challenged such factors in the court's decision as the burden of proof, reasonableness of the time period for remedying the problems, the definition of "remedy substantially the conditions" leading to foster care, or whether it was in the child's best interest to terminate his rights. This list suggests only some of the possible approaches father could have taken in his objection to the trial court's ruling.

The exception contained in Rule 5A:18 allows the court to consider a question not raised in the trial court "for good cause shown or to enable the Court of Appeals to attain the ends of justice." We have examined the issues raised herein and find that neither "good cause" nor "the ends of justice" require consideration of the issues. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Finding the issues raised before this Court are procedurally defaulted under Rule 5A:18, we affirm the judgment of the trial court. However, we remand for the trial court to correct the clerical error in the final order.

Affirmed and remanded.

- 4 -