COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


BRYAN LEE LINDSEY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0767-05-1                  JUDGE JERE M. H. WILLIS, JR.
                                                        OCTOBER 3, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            Bruce H. Kushner, Judge

            Kathleen A. Ortiz, Public Defender, for appellant.

            Alice T. Armstrong, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        On appeal from his bench trial conviction of malicious wounding, two charges of robbery,

and two charges of using a firearm in the commission of a felony, Bryan Lee Lindsey contends the

trial court lacked jurisdiction to try him because it failed to ascertain upon the record that the

Commonwealth's attorney and the court concurred in his waiver of a jury trial. We affirm the

judgment of the trial court.

                                        BACKGROUND

        At Lindsey's arraignment, he entered pleas of not guilty. In response to the trial court's

questions, Lindsey said that he and his attorney had discussed whether a jury or non-jury trial was

more advisable, that he had chosen to have a non-jury trial, and that he understood he had a

constitutional right to a jury trial. Pursuant to Lindsey's waiver, the trial court proceeded to try him

without a jury. The transcript reflects neither the trial court's nor the Commonwealth's attorney's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

concurrence in the jury trial waiver. Lindsey raised no objection to that omission. He raised no objection to the trial court's proceeding to try his case without the intervention of a jury.

The trial order reflecting Lindsey's convictions stated:

> [T]he defendant was arraigned, and after being advised by his counsel, pleaded not guilty to the indictments, which pleas were tendered by the defendant in person, and the Court having made inquiry and being of the opinion that the accused fully understood the nature and effects of his pleas, and the accused having been advised by his attorney and by the Court of his right to trial by jury, the accused knowingly and voluntarily waived trial by jury *and with the concurrence of the Attorney for the Commonwealth and of the Court, here entered of record*, proceeded to hear and determine the case without the intervention of a jury as provided by law.

(Emphasis added.) Lindsey raised before the trial court no objection to that order.

ANALYSIS

In a criminal prosecution, a defendant may waive his right to be tried by a jury. Article 1, Section 8, of the Virginia Constitution provides: "If the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury."

Code § 19.2-257 provides: "[I]f the accused plead not guilty, with his consent after being advised by counsel and the concurrence of the attorney for the Commonwealth and of the court entered of record, the court shall hear and determine the case without the intervention of a jury." See also Rule 3A:13(b). The trial order is required by statute to be recorded in the order book, to set forth "the proceedings, orders and judgments of the [trial court]," and is the official record of the trial. Wright v. Commonwealth, 4 Va. App. 303, 308 n.4, 357 S.E.2d 547, 550 n.4 (1987) (quoting Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). Thus, a trial order, duly recorded, reciting the accused's waiver of trial by jury and the concurrence of the attorney for the Commonwealth and of the court satisfies the requirement of Code § 19.2-257

- 2 -

and Rule 3A:13(b) that the waiver and concurrences be "entered of record." Commonwealth v. Williams, 262 Va. 661, 668-69, 553 S.E.2d 760, 763 (2001).

"Compliance with the mandatory provisions of Section 8 of the Constitution is essential to the jurisdiction of the court to try an accused without a jury." Cunningham, 205 Va. at 208, 135 S.E.2d at 773. "In those cases where the jurisdiction of the court depends upon compliance with certain mandatory provisions of law, the court's order, spread upon its order book, must show such compliance or jurisdiction is not obtained." Id.

"It is well established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457, 628 S.E.2d 526, 528 (2006). "A recital of proceedings in a judicial order is an 'absolute verity and it is not subject to collateral attack.'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Kibert v. Commonwealth, 216 Va. 660, 662, 222 S.E.2d 790, 791 (1976)). Thus, because Lindsey raised no timely objection to the trial order, we may "presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).

The trial order recites that both the Commonwealth's attorney and the trial court concurred in the jury trial waiver and the bench trial. This recitation satisfies the requirements of Article 1, Section 8 of the Virginia Constitution and of Code § 19.2-257 regarding waiver of a jury trial. See Kern, 2 Va. App. at 88, 341 S.E.2d at 400.

Lindsey made no objection in the trial court that the trial order did not accurately reflect the proceedings at his trial. Thus, his assertion that the order was inaccurate was waived and will not be considered on appeal. See Rule 5A:18. See also Smallwood v. Commonwealth, 14 Va. App. 527, 529-30, 418 S.E.2d 567, 568 (1992).

## CONCLUSION

The judgment of the trial court is affirmed.

<u>Affirmed.</u>