COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Senior Judge Willis

LLOYD STEWART, III

MEMORANDUM OPINION*

v.      Record No. 0710-07-2

PER CURIAM
AUGUST 28, 2007

HOPEWELL DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
W. Allan Sharrett, Judge

(V. Cameille Cromer, on brief), for appellant.  Appellant submitting
on brief.

(Joan M. O'Donnell; Nathan C. Lee, Guardian *ad litem* for the minor
child, on brief), for appellee.  Appellee and Guardian *ad litem*
submitting on brief.

Lloyd Stewart, III (father) appeals the trial court's decision terminating his residual

parental rights to his minor child, A.D., born on March 8, 2004, pursuant to Code

§ 16.1-283(C)(1) and (C)(2).  Father contends the trial court erred in finding that Hopewell

Department of Social Services (HDSS) proved by clear and convincing evidence that father,

without good cause (1) failed to communicate with A.D. on a continuing and planned basis for a

period of six months; (2) failed to maintain continuing contact with and provide or substantially

plan for the future of A.D. for a period of six months after A.D.'s placement in foster care; and

(3) was unable within a reasonable period of time not to exceed twelve months from the date

A.D. was placed in foster care to substantially remedy the conditions which led to or required

continuation of placement in foster care in accordance with father's obligation under and within

the time limits or goals set forth in the Foster Care Service Plans approved by the Hopewell

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Juvenile and Domestic Relations District Court. In elaborating upon his contentions, father

specifically argues as follows:

> [T]he trial court erred in finding that the HDSS met its evidentiary burden and demonstrated by clear and convincing evidence that [his] parental rights should be terminated in accordance with Va. Code Sec. 16.1-283. Specifically, due to his trying to maintain contact with the child, making progress toward providing her future by maintaining employment when he was not incarcerated and by studying to become a minister and get his family together during his incarceration, the Appellant should have been afforded the opportunity upon his release from incarceration to continue to improve his compliance with the Foster Care Services Plan. He would have been able to take care of his child if the trial court had given him a reasonable amount of time to complete those requirements.

For the following reasons, we affirm the judgment of the trial court.

At the outset, HDSS argues father violated Rule 5A:18 by not preserving the issues he

raises now.

> [N]either the Code nor Rules of Court mandate a specific procedure to preserve for appeal an issue objected to in the trial court. A simple statement that embodies the objection and reason therefor suffices. However, neither the Code nor Rule 5A:18 is complied with merely by objecting generally to an order. . . . [I]t follows that a statement that an order is "seen and objected to" must also be insufficient.

Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*).

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial

court was narrow enough to make obvious the basis of appellant's objection."

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (citations omitted).

Father's counsel endorsed the final termination order, "SEEN and OBJECTED TO." Father filed a written statement in lieu of a transcript, pursuant to Rule 5A:8(c). However, the written statement did not recite father's arguments now raised. The only reference in the written statement to objections by father's counsel indicated as follows:

(i) At the beginning of the hearing, counsel for the father made a motion for a continuance to allow the father additional time to prepare a home for the child upon his release from incarceration.

(ii) Counsel for the father made an ongoing objection to the testimony of Mrs. Buck-Denny on the basis that she lacked firsthand knowledge of the subject matter of her testimony.

(iii) Counsel for the father made an objection to the introduction of the Foster Care Service Plan and Dispositional Order dated January 11, 2006 on that [sic] basis that the Foster Care Service Plan was inadmissible hearsay.

While the written statement indicated that counsel made arguments upon conclusion of the evidence, it did not contain the content of those arguments. According to Rule 5A:8(c), the written statement must include "facts, testimony, and other incidents of the case." Specific objections intended to preserve an issue for appeal must be included as incidents of the case. Cf. Wright v. Commonwealth, 4 Va. App. 303, 305, 357 S.E.2d 547, 549 (1987) (noting the written statement included appellant's request for a jury, thereby preserving the issue for appeal). Here, the written statement does not mention or describe any motions to strike, closing arguments, motions to set aside, or motions to reconsider.[1] It only notes father's motion for a continuance at

---

[1] Counsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, counsel may, if he or she has previously failed to do so, include an objection and reasons

the beginning of the hearing, his objection to Buck-Denny's testimony, and his hearsay objection to the introduction of the Foster Care Service Plan and the January 11, 2006 dispositional order. The signed endorsement of the final order of termination indicates father "OBJECTED TO" the trial court's ruling, but does not set forth the contested issues.

Father chose not to produce a transcript. He did not file any post-trial motions arguing his position, and the written statement did not include the "incidents of the case" showing that he made the arguments he now raises on appeal. Thus, the record before us fails to set forth the issues raised below.

> We cannot assume that [father's] objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires [father] to present a complete transcript [or written statement] for this Court to consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated legal reasons to support his theory or merely argued the weight of the evidence.

Lee, 12 Va. App. at 516-17, 404 S.E.2d at 738-39 (citation omitted).

Further, the trial court's ruling in this case was not "narrow enough to make obvious the basis of [father]'s objection." Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993). The trial court terminated father's rights under Code § 16.1-283(C)(1) and (C)(2) based on the following findings:

> (a) The Foster Care Service Plans were properly approved by the J &DR Court. The father was present and represented by counsel throughout the course of these proceedings.
>
> (b) The father failed to maintain suitable living arrangements.
>
> (c) The father failed to provide child support.

---

> therefor in the final order or at least tender such an order to the trial judge.

Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738 (citations omitted).

- 4 -

(d)  The father failed to visit the child on a regular basis.

(e)  The father failed to maintain contact with DSS.

(f)  The child had been out of her parents' care for two of her three years of life.

(g)  The child would most likely not recognize the father due to her young age and the length of time since she last saw him.

(h)  There is no history, based on the father's past conduct, to show that he could provide for the child in a reasonably foreseeable time.

Under Code § 16.1-283(C)(1) and (C)(2), the court must consider a number of factors before ordering the termination of parental rights.  We cannot, therefore, determine the basis on which father objected to this ruling nor could the trial court.

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Finding the issues raised before this Court are procedurally defaulted under Rule 5A:18, we affirm the judgment of the trial court.

Affirmed.