COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Frank and Clements
Argued by teleconference


CLIFTON ELLIOT ROBINSON
                                          OPINION BY
v.   Record No. 1785-00-2          JUDGE JAMES W. BENTON, JR.
                                          JULY 3, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          Douglas A. Ramseur (Bowen, Bryant, Champlin &
          Carr, on brief), for appellant.

          Robert H. Anderson, III, Senior Assistant
          Attorney General (Mark L. Earley, Attorney
          General, on brief), for appellee.


     The sole issue presented by this appeal is whether Clifton

Elliot Robinson waived his right to a jury trial.  Because the

record fails to prove a voluntary waiver, we reverse the

conviction and remand for a new trial.

                               I.

     A grand jury indicted Robinson for the felony of aggravated

sexual battery in violation of Code § 18.2-67.3.  On the day of

trial, Robinson's attorney moved for a continuance because a

witness, whom he had expected to appear without a subpoena, was

not present.  The trial judge denied the motion for a

continuance, adding that if he later determined the testimony of

the witness would be necessary he would grant a continuance.

When the trial judge mentioned a second indictment that had not been served on Robinson, the prosecutor moved to <u>nolle</u> <u>pros</u> that indictment.  The trial judge then ruled that Robinson, who had been taken into custody that day because of the second indictment, would continue "on bond," which we interpret to be a reference to Robinson's bail status.

After the clerk announced the style of the case, Robinson's attorney informed the judge that Robinson had a request.  The following colloquy then occurred:

> [ROBINSON]:  Request a jury for trial.
>
> [JUDGE]:  I think you're coming in late. The Court's going to deny that.  You're coming in, you're here.  You're ready for trial this morning.  You asked for a continuance, didn't get it.  Now you want a jury.  I'll give you a jury.  I can't stop your right of trial by jury.  But I won't give you bond.
>
> [PROSECUTOR]:  Thank you, Judge.
>
> [JUDGE]:  What do you want to say?
>
> *     *     *     *     *     *     *
>
> [DEFENSE ATTORNEY]:  He'll try the case and take exception for the record if Your Honor, please that he be held without bond and that he ask for a jury.
>
> [JUDGE]:  Well, the reason I do that is motion for trial date is that people don't show up and this is a delay tactic, but he's entitled to trial by jury and I'll give him a date quick as I possibly can.
>
> [DEFENSE ATTORNEY]:  I understand that, Judge, but he's made bond.  He's always come to court and he's on bond now.

[JUDGE]: I do recall that, but I find that my experience has been when you come in like this, you don't show up for the date of trial, that's witnesses inconvenience.

[DEFENSE ATTORNEY]: He's made every appearance.

[JUDGE]: All right. Well, let's go on. If he wants that, that's the way we'll do it. Any way he wants to go, I'll go. Make your choice, it's up to him. I said without bond, I'll set a higher bond. I don't believe in holding people without bond. I would set a bond, it would be higher. All right, what do want to do? What is your bond now?

THE CLERK: 5,000.

[JUDGE]: What does he want to do with the case?

[DEFENSE ATTORNEY]: What would be the Court's favor as far as bond is concerned?

[JUDGE]: I don't know. I'll wait and see what he wants to do. Probably 25,000 or so.

[DEFENSE ATTORNEY]: Judge, for the record, he cannot make a $25,000 bond. He has made every court appearance up until now.

[JUDGE]: I agree to that.

[DEFENSE ATTORNEY]: Diligently cooperated with myself.

[JUDGE]: Well, we've been over this once and I've set out the Court's reason. No sense in doing this again. Does he plead guilty or not guilty?

During the ensuing arraignment, the following occurred:

THE CLERK: On your plea of not guilty, you have a right to be tried by Judge, jury, what's your choice?

[ROBINSON]: Under protest, ask for Judge.

[JUDGE]:  All right.  The record will show the situation.

After the arraignment, the trial proceeded without a jury. At the conclusion of the Commonwealth's case-in-chief, Robinson testified.  After Robinson testified, his attorney renewed his motion for a continuance to obtain the witness.  The trial judge granted the motion and ruled that Robinson "can stay under the same bond," noting, "I'm going to let him go.  He's all right."

Two weeks later when the trial resumed, Robinson again testified and presented testimony of two witnesses.  At the conclusion of the evidence, the trial judge convicted Robinson of aggravated sexual battery.  This appeal followed.

## II.

Article I, Section 8, of the Constitution of Virginia provides "[t]hat in criminal prosecutions [an accused] . . . shall enjoy the right to . . . an impartial jury."  Although recognizing that the Constitution also provides that the accused may "waive a jury," id., the Supreme Court has emphasized that "[u]nder the Constitution of Virginia the right to trial by jury in criminal cases is guaranteed."  Hodges v. Commonwealth, 213 Va. 316, 320, 191 S.E.2d 794, 797 (1972) (citing Va. Const. Art. I, § 8).  This constitutional guarantee is reinforced by the following rule of court:

> (a) Right to Jury; Duty of Court in Nonjury Trial. - The accused is entitled to a trial by jury only in a circuit court on a plea of not guilty.

> (b) Waiver of Jury in Circuit Court. - If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of

the Commonwealth's attorney, try the case without a jury.  The court shall determine before trial that the accused's consent was voluntarily and intelligently given, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record.

Rule 3A:13.  To protect these guarantees to a jury trial, we have unambiguously held that reversible error occurs unless "[t]he record . . . indicate[s] that the accused made a knowing, intelligent and voluntary waiver of the right to trial by jury." Wright v. Commonwealth, 4 Va. App. 303, 306, 357 S.E.2d 547, 549 (1987).

At the very outset of the calling of the case, Robinson explicitly requested a jury.  The trial judge initially said the request was not timely and denied that request.  The record contains no indication, however, that prior to the day of trial Robinson was required to elect whether he wanted a jury or bench trial.  In other words, "[t]his is not a case where an accused validly waive[d] a jury trial and then [sought] to withdraw that waiver."  Jones v. Commonwealth, 24 Va. App. 636, 641, 484 S.E.2d 618, 621 (1997).  We, therefore, do not need to determine whether Robinson requested a jury trial "'in due season so as not to substantially delay or impede the cause of justice.'"  Williams v. Commonwealth, 33 Va. App. 506, 514, 534 S.E.2d 369, 372 (2000) (citation omitted).

The transcript of the incidents at trial provides the exclusive basis upon which we determine whether Robinson waived his guaranteed right to a trial by jury in accordance with the law.  It reflects that the trial judge retreated from his initial

denial of Robinson's request for a jury trial and ruled, "I'll give you a jury. . . . [b]ut I won't give you bond." Reconsidering this ruling, the trial judge retreated further and ruled that Robinson's bail would not be revoked but that it would be increased. The trial judge agreed with Robinson's attorney at least three times that Robinson had made every required appearance and that he personally had not demonstrated any risk of flight. Nonetheless, the judge threatened to revoke Robinson's bail and then threatened to increase the amount of bail. The judge did so only after Robinson requested a jury trial. In this manner, the trial judge hampered Robinson's exercise of his constitutional right to a jury trial. In view of this patent coercion, we hold that the record fails to establish that Robinson's election of a bench trial was a knowing and voluntary waiver of his right to a jury trial. "Where there is coercion there cannot be consent." Bumper v. North Carolina, 391 U.S. 543, 550 (1968). The trial judge's statements establish a clear connection between the jury and bail issues.

Furthermore, Robinson's attorney expressly objected to the judge's rulings and Robinson, himself, objected at arraignment by responding, "Under protest, [I] ask for [a] Judge" trial. "To conclude from the[se] statement[s] . . . that [Robinson] knowingly and intelligently waived his right to a jury trial . . . defies reason." Wright, 4 Va. App. at 307, 357 S.E.2d at 550. The statement, "[u]nder protest," indicates unequivocally the involuntary nature of Robinson's request for a bench trial. The judge erred by accepting Robinson's request, "under protest," as a waiver of his right to a jury trial. It neither accords

with the Rule 3A:13 standard of "voluntarily and intelligently given" nor constitutional standards for waiver. "[W]aiver of a constitutional guarantee requires express and intelligent consent by the accused." Jones, 24 Va. App. at 641, 484 S.E.2d at 621. See also McCormick v. City of Virginia Beach, 5 Va. App. 369, 372, 363 S.E.2d 124, 125 (1987).

The Commonwealth argues that Robinson's request was merely a stalling tactic. Such a motivation, even assuming its existence, does not render the right to a jury trial in a felony case any less fundamental. We reiterate a concern that we expressed in Wright.

> We recognize that a last minute request for a jury trial may cause hardships and scheduling difficulties, but we also believe that it is not a problem without a solution. Under the scheme mandated by our constitution and augmented by statute and the Rules of the Supreme Court, circuit courts must assume that trial will be by jury unless and until the accused knowingly and intelligently waives that right and the attorney for the Commonwealth and the trial court concur in the decision to forego a jury trial. Unless the circuit courts are willing to accept delay and the inconvenience of rescheduling, they should not transfer to the attorney for the Commonwealth or to defense counsel the sole responsibility to timely determine the need for a jury.

4 Va. App. at 309, 357 S.E.2d at 551.

The record in this case, which plainly shows that the trial judge's threat of bail sanctions caused Robinson to request a bench trial under protest, established a denial of Robinson's right to a jury trial. Accordingly, we reverse the conviction and remand for a new trial.

<u>Reversed and remanded</u>.