COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


ARTHUR JUNIOUS CHERRY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2011-05-1                      JUDGE RANDOLPH A. BEALES
                                                    AUGUST 8, 2006
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                                 Thomas S. Shadrick, Judge

                 Laura A. Cook, Assistant Public Defender, for appellant.

                 Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
                 McDonnell, Attorney General, on brief), for appellee.


        Arthur Junious Cherry appeals from his convictions by bench trial of possession with intent

to distribute cocaine and possession of a firearm while in possession of a controlled substance.

Appellant contends the trial court (1) denied his right to due process when it denied his request for a

jury trial without an express, voluntary, or intelligent waiver; (2) violated his Sixth Amendment

right to counsel when it denied him the opportunity to have retained counsel represent him instead

of court-appointed counsel; and (3) erred in finding the evidence sufficient beyond a reasonable

doubt to prove that he constructively possessed cocaine with intent to distribute and that he

possessed a firearm while in possession of a controlled substance.

                                              I.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

II.

FACTS

Around 5:00 a.m. on November 19, 2004, Norfolk police officers and members of the Virginia Beach Police Department SWAT team executed a search warrant at a townhouse residence located at 5383 Grand Lake Crescent in the City of Virginia Beach. Once inside, the officers saw appellant at the top of the stairs exiting the first bedroom on the left. Appellant was standing just outside the bedroom door with his right hand still inside that room. When appellant saw the officers, he quickly went inside the bedroom and slammed the door behind him.

Officer Thomas Finn opened the bedroom door, and Officer Steven Ferreira entered the bedroom. Ferriera and Finn saw appellant on the floor on his stomach with his head facing the bedroom door and his arms on the floor in front of him. The officers saw shoes underneath a stereo to the left of the bedroom door and in front of appellant. In between those shoes on the floor lay a Ruger handgun with a magazine; the firearm was pointed toward the bedroom door. The loaded firearm was approximately one foot from appellant's hands. Finn recovered the handgun and put it on top of the stereo.

Police also found, in plain view, a plastic baggie containing bullets. These were found on a windowsill located on the wall opposite the bedroom door and above the bed.[1] Appellant's girlfriend, Tanisha Baker, was on the bed, which was located against the wall opposite the

---

[1] Norfolk Detective Wayne Handley learned later that the bullets were compatible with the firearm found in the bedroom.

bedroom door and to the left of that door.[2]  Also to the left of the bedroom door and next to the bed was a dresser with a mirror on it; the dresser was less than two feet from the stereo.

The officers also saw, in plain view and located on the floor between the head of the bed and the dresser, a baggie containing hard objects that they suspected to be crack cocaine. Appellant's right foot was about one to two feet from and parallel to the baggie.  The baggie contained fifty-seven knotted plastic bag corners containing off-white solid material that later tested positive for cocaine.  The cocaine had an approximate total weight of 7.71 grams.[3]  Police also recovered from the right top dresser drawer a clear baggie corner, which contained a white powder substance that later tested positive for 0.047 gram of cocaine.  The officers also found a box of sandwich baggies and a pair of scissors on the top of the dresser.  The baggies were pulled out of the box and spread on the dresser, and some of the baggies' corners were cut off.

Also inside the dresser drawer, the officers found a photograph identification card and a social security card, both of which did not belong to appellant.  In addition, the dresser drawer contained a photograph of Gary Tolover, a codefendant in one of the cases involving appellant that Norfolk Detective J.R. Malbon was investigating at that time.  Neither appellant nor Baker made any statements to the officers who entered the bedroom.  There were no other persons in the bedroom when the officers entered.[4]

---

[2] The officers had information indicating that appellant's girlfriend did not live in the house, but rather, lived at 6868 Alexander Street in the City of Norfolk.

[3] The certificate of analysis admitted into evidence indicates that the plastic baggie also contained one knotted plastic bag corner containing off-white and light orange powder and solid material that tested positive for cocaine with a total weight of 0.140 gram.

[4] The officers also checked the other two bedrooms in the house.  Malbon testified that one of those bedrooms belonged to appellant's mother and the other belonged to his sister. Malbon stated that after he left appellant's bedroom, he recorded the names of the other six to seven persons in the house, who were in the living room downstairs.  Appellant's brother was not in the house.

Finn testified at trial, without objection, that the room appeared to be appellant's bedroom. Finn stated that he was briefed that the residence belonged to appellant's mother and that younger children also lived in the home. Finn saw a photograph of a girl on the dresser mirror. Malbon stated that the bedroom contained male clothing, Baker's jacket, and a pair of her pants.

Detective Gary Meador testified that the 7.71 grams of cocaine found in appellant's bedroom on the floor had an approximate street value of $770 and that the cocaine recovered from the room was packaged for street level distribution. He testified that no smoking devices were recovered from the bedroom. Based upon his experience and training, Meador opined that the amount of cocaine found in the bedroom was inconsistent with personal use.

Baker testified that the drugs were hers and that appellant was unaware of the existence of the drugs. She claimed she packaged the cocaine for distribution, carried it in her pocketbook, and tossed it about the room just before the police entered.

Appellant testified and admitted possessing the firearm and discarding it just before the police entered the room. He claimed he did not possess the drugs in the room or know of their existence. He also denied owning the items found in the dresser drawer or the packaging materials. Appellant admitted his brother, Alvin, who was then incarcerated, had not been in the room "for a while."

The trial court found appellant guilty of possession of the cocaine found in the room and of a firearm while in the possession of a controlled substance. The trial court noted that appellant admitted he lived in the bedroom where the police discovered both him and the drugs and that he also admitted possessing the firearm. The trial court also noted that cocaine was found both in the dresser and in plain view on the floor by the bed, easily within appellant's reach. The trial court specifically rejected the testimony of appellant's girlfriend, Tanisha Baker.

III.

ANALYSIS

A.

The Commonwealth concedes error as to the first question presented. We agree. The record reveals that appellant made repeated requests for a jury trial, which the trial court denied. The record does not contain an express, voluntary, and intelligent waiver by appellant of his right to trial by jury. Therefore, the Commonwealth concedes and we agree that the trial court committed reversible error in denying appellant's request for a jury trial. See Robinson v. Commonwealth, 36 Va. App. 1, 5-6, 548 S.E.2d 227, 228-29 (2001). Accordingly, we reverse appellant's convictions and remand for a new trial.[5]

B.

"Notwithstanding the fact that we reverse for a . . . violation [of appellant's constitutional right to trial by jury], 'we address appellant's sufficiency of the evidence argument because the Commonwealth would be barred on double jeopardy grounds from retrying appellant if we were to reverse for insufficiency of the evidence.'" Hargraves v. Commonwealth, 37 Va. App. 299, 312, 557 S.E.2d 737, 743 (2002) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998)).

Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that he had dominion and control over the drugs and that he was aware of their nature and character and, accordingly, claims that the Commonwealth failed to prove he constructively possessed the drugs. He argues that the Commonwealth did not exclude every reasonable hypothesis of his

_____

[5] Because we find the trial court erred in denying appellant's request for a jury trial and remand for a new trial, we need not consider Question Presented 2 regarding the denial of appellant's right to counsel under the Sixth Amendment, because appellant will have the ability to choose counsel at his upcoming trial.

- 5 -

innocence, including the theory that Baker or another male whose personal possessions were in the room could have owned the drugs. Appellant then argues that, because the Commonwealth failed to prove he constructively possessed the drugs, he could not be found guilty of possessing a firearm while in possession of drugs.

To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. . . . Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession." Archer, 26 Va. App. at 12, 492 S.E.2d at 832 (citation omitted). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." This Court must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt. Whether a hypothesis of innocence is reasonable is a question of fact.

Corbin v. Commonwealth, 44 Va. App. 196, 202-03, 604 S.E.2d 111, 114 (2004) (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)) (other citations omitted).

Here, when appellant saw police approaching, he still had one hand inside his bedroom. He immediately went inside the bedroom and slammed the door. When the police entered appellant's bedroom, he was on the floor and had just discarded a loaded firearm within arm's reach. The police found, in plain view on the floor between the bed and dresser and within one to two feet of appellant, a baggie containing fifty-seven corner bags of cocaine worth approximately $770. In addition, the officers found cocaine inside a dresser drawer in appellant's bedroom. They also found, in plain view, bullets on the windowsill and drug packaging materials on top of the dresser. The bedroom contained some of appellant's belongings, and appellant admitted that his brother, who was in jail on November 19, 2004, had not lived there for a while. No evidence was present to suggest that Baker lived there.

Based on these facts, a rational fact finder could conclude that appellant was aware of both the presence and character of the cocaine found in his bedroom and that the substance was subject to his dominion and control. See Wymer v. Commonwealth, 12 Va. App. 294, 300-01, 403 S.E.2d 702, 706-07 (1991) (finding evidence of cocaine and drug paraphernalia found throughout common areas of house and in bedroom shared by accused and another is relevant in accused's prosecution for cocaine possession). "[T]he Commonwealth was not required to prove that [appellant] was the only person capable of exercising dominion and control over the [cocaine]. As we have held, a defendant's possession of an illegal substance 'need not be exclusive.'" Wilson v. Commonwealth, 46 Va. App. 408, 434, 617 S.E.2d 431, 443 (2005) (*en banc*) (quoting Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 905 (1998)) (other citation omitted), rev'd on other grounds, 272 Va. 19, 630 S.E.2d 326 (2006). Constructive possession "may instead be joint." Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

We also note that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Furthermore, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Here, the trial court did not believe the testimony of appellant and Baker, specifically noting the following with respect to Baker's testimony:

> [I]n sixteen years of being a judge, that is, her testimony was one of the worst jobs of lying that I've ever heard. She wouldn't know the truth if it stared her right in the face. The truth is foreign to her. Practically every word out of her mouth on that witness stand was a lie. And she's too young and immature to even understand the ramifications of that.

Thus, the trial court, as fact finder, was entitled to reject appellant's hypotheses of innocence and did not err in so doing.

IV.

Although we find the evidence sufficient to support the convictions, we reverse and remand for a new trial because the trial court erred in failing to grant appellant's request for a trial by jury.

Reversed and remanded.