COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


ALBERTO BRAVO

                                                    MEMORANDUM OPINION* BY
v.         Record No. 2330-06-3             JUDGE ELIZABETH A. McCLANAHAN
                                                         MAY 6, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            John J. McGrath, Jr., Judge

            Aaron L. Cook for appellant.

            Jennifer C. Williamson, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        In a bench trial, Alberto Bravo was convicted for assault on a family member, third

offense, in violation of Code § 18.2-57.2.  Bravo contends the trial court abused its discretion in

forcing him to withdraw his motion for a continuance and proceed to trial without four defense

witnesses who did not appear for trial.  Bravo argues the court did so by conditioning the

continuance upon revocation of his release on bail.  For the following reasons, we affirm Bravo's

conviction.

                                    BACKGROUND

        Bravo was charged with third offense assault and battery of a family member, his wife

Rosa Requeno.  On the morning of Bravo's bench trial, his counsel made a motion to continue

the case because four of eight subpoenaed witnesses, whom he represented were "material to the

case," were not present in court.  The subpoena for Josefa Lovo was returned "not found."

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Michele Pruto was subpoenaed by "posted service" but was not present in court. Service was attempted at the address defense counsel had for Evodio Baltizar and Marina Requeno, but service on them had not been achieved. "I attempted to call them," said defense counsel, however, "[s]ome of them don't speak English and I don't have phone numbers for all of them, but I attempted to call one that was served this morning and I did not get an answer." The Commonwealth's attorney responded that everyone who witnessed the incident and had been present at the preliminary hearing was present in court that morning and that the Commonwealth didn't understand how the missing witnesses could therefore be considered material and necessary.

"What is Michele Pruto going to testify to?" asked the judge. Bravo's counsel proffered that Pruto "was present at the scene and can give material testimony as to what happened."[1] "All right," said the judge, "I'll give you an option. If I continue the case I'm going to lock up your client to be held until we go to trial. So do you want to try it today or do you want a continuance to find your key witness?" "Your Honor, . . . that doesn't leave me with much of a choice," replied defense counsel. "Well, . . . we have all the witnesses who appeared at the preliminary hearing" present and ready to testify this morning, replied the judge. "Mr. Lovo was never served. The other two haven't been found. We can't continue a case because we just can't find somebody . . . . The only one who has been served, and that was by posting, who isn't here is Pruto." Defense counsel again protested that the judge's ruling would not give Bravo any option but to proceed to trial that morning. Then "I'll grant your motion for a continuance," ruled the judge. "We'll have a capias issued for Michele Pruto . . . [and w]e'll schedule this for a bench

---

[1] Though having proffered that Pruto "was present at the scene," Bravo actually testified that Pruto merely attended the family "cookout" that preceded the subject altercation between Bravo and his wife and that, at the time of the altercation, Pruto was "[a]bout a half a mile" away, where the cookout had taken place.

trial . . . on April 4th, 2006, at 9:00 a.m. and I'm going to revoke [Bravo's] bond and order him taken into custody at this time."

"Your Honor," replied defense counsel, Bravo "wants to go forward" without the witnesses rather than be taken into custody. "Well I'm giving you your continuance if you want it. I mean is Mr. Pruto, is he or is he not a material witness?" asked the judge. "My client indicates that he is," replied defense counsel. "What is your proffer of what . . . [Pruto] . . . was going to say?" asked the judge. Defense counsel proffered that Pruto would say the victim, Rosa, was drinking and that Rosa got in a fight with her brother, Luis.

Defense counsel then said, "How about the other ones? I would like to proffer their testimony as well." "Well," responded the judge, "[Pruto's] the only one you had service on who is not here." Defense counsel simply replied, "Okay."[2] And no proffer of the other three absent witnesses was made. The parties then indicated they were ready to proceed with the trial.

At the end of the trial, the judge stated he had considered all the evidence, "including the proffer made by the defense attorney as to the statement of Michele Pruto," and found Bravo guilty as charged.

## ANALYSIS

Bravo argues the trial court abused its discretion in effectively denying his motion for a continuance when the court "tied the granting of the continuance with a *sua sponte* revocation of

---

[2] The trial judge then reiterated to defense counsel, "I told you if you want . . . to subpoena them all again that's fine." Defense counsel replied, "I don't think my client wants to have his bond revoked." "Well I understand he doesn't want to," the judge stated. Defense counsel responded, "My only question is on the ones that did come back and it says not found, I mean typically something does come back." "All I can tell you is what's in the file, Mr. Graves," the judge explained, to which defense counsel replied, "Okay." The parties then indicated they were ready to proceed with the trial.

[his] bond." Assuming *arguendo* the trial court abused its discretion, we conclude Bravo has

failed to establish that prejudice resulted, thus defeating his claim on appeal.[3]

Under settled law, this Court uses

> a two-pronged test for determining whether a trial court's denial of
> a continuance request is reversible error. Under this test, we may
> reverse a trial court's denial of a motion for a continuance only if it
> appears from the record: (1) that the court abused its discretion
> and (2) that the movant was prejudiced by the court's decision.

Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998); see Silcox v.

Commonwealth, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000) (applying the "two-pronged

test").[4] "Abuse of discretion *and* prejudice to the complaining party are essential to reversal."

Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted and

emphasis added). The absence of one renders inconsequential the presence of the other. See

Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509-10 (1990) (holding that

even if the court were to "assume *arguendo*" an abuse of discretion, the record did not show

---

[3] While we need not address the issue of whether the trial court's revocation of bond as a condition to granting a continuance constituted an abuse of discretion, we do note that we have recently held that a trial court's threat to revoke or increase bond if a defendant refused to consent to a bench trial constituted "patent coercion" and invalidated the defendant's waiver of a jury trial. See Robinson v. Commonwealth, 36 Va. App. 1, 6, 548 S.E.2d 227, 229 (2001). We further note, however, that in an appropriate case a trial court has the authority to revoke *sua sponte* a defendant's bond for pretrial release for any one of a variety of reasons, see, e.g, Code §§ 19.2-121 and 19.2-132; see also Dorsey v. Commonwealth, 32 Va. App. 154, 168-72, 526 S.E.2d 787, 794-96 (2000), and, in fact, has a duty to do so if evidence is presented establishing that defendant poses a danger to the community during the continuance period. Id.

[4] See also Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (holding a denial of a continuance can be reversed only "upon a showing of abuse of discretion and resulting prejudice to the movant"); Rosenberger v. Commonwealth, 159 Va. 953, 957-58, 166 S.E. 464, 466 (1932) ("Abuse of discretion and prejudice to the complaining party are essential to reversal." (citation omitted)); Shackleford v. Commonwealth, 32 Va. App. 307, 320-21, 528 S.E.2d 123, 130 (2000) (applying the "two-pronged test" and holding defendant "failed to show that he was prejudiced" by the denial of the continuance), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001); Price v. Commonwealth, 24 Va. App. 785, 789, 485 S.E.2d 655, 656 (1997) (requiring a showing of "an abuse of discretion and demonstrated prejudice to the complainant").

prejudice). This Court cannot reverse if the defendant "has shown no prejudice resulting from what he claims was an abuse of discretion" in denying the continuance. Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982). Prejudice, moreover, "may not be presumed; it must appear from the record." Lowery, 9 Va. App. at 307, 387 S.E.2d at 510 (citation omitted).

Where, as here, the motion for a continuance is to secure an absent witness, the above stated test is applicable in the context of whether the moving party has carried its burden in showing: (1) that such witness is "material," Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977); (2) that the party exercised diligence to procure the witness' presence, see Bryant v. Commonwealth, 248 Va. 179, 181-83, 445 S.E.2d 667, 669 (1994); Smith v. Commonwealth, 16 Va. App. 630, 636, 432 S.E.2d 2, 6 (1993)[5]; and (3) "that it is likely that the witness would be present at a later date," Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994). In meeting the materiality requirement, the movant must proffer the expected testimony of the absent witness. Id.; Lowery, 9 Va. App. at 307-08, 387 S.E.2d at 510.

As to Michele Pruto, Bravo's counsel proffered the entire substance of this absent witness' expected testimony. Significantly, Pruto was not an eyewitness to Bravo's altercation with his wife. Furthermore, the proffered testimony was repeated by Bravo's witness, Alma Laredo, as well as by Bravo during his own testimony. As such, the proffer did not add any new evidence, but was merely cumulative evidence for the trial judge's consideration in reaching his verdict. The record thus shows that Bravo's defense was not prejudiced by a denial of his continuance motion in regard to Pruto's absence. See McElroy v. Commonwealth, 153 Va. 877, 883, 149 S.E. 481, 483 (1929) (affirming denial of continuance motion where absent witness'

_____

[5] We assume, without deciding, that Bravo used due diligence in providing information for the execution of the subpoenas issued on the four absent witnesses.

- 5 -

testimony "would have been purely cumulative"); <u>Vineyard v. Commonwealth</u>, 143 Va. 546, 549, 129 S.E. 233, 234 (1925) (no continuance required if absent witness' testimony "would have been merely cumulative" in nature).

As to the other three absent witnesses, Bravo failed to make any proffer as to their expected testimony. Because he did not establish a proper record for these witnesses, "we are unable to determine whether prejudice resulted." <u>Lowery</u>, 9 Va. App. at 307, 387 S.E.2d at 510. Thus, we "cannot address the merits" of his appeal as to them. <u>Id.</u> at 308, 387 S.E.2d at 510; <u>see</u> <u>Molina v. Commonwealth</u>, 47 Va. App. 338, 367-68, 624 S.E.2d 83, 97 (1996) ("The failure to proffer the [witness'] expected testimony is fatal to [appellant's] claim on appeal.").

Finally, Bravo made no showing that any of the four absent witnesses "would likely be produced if the case had been continued to a later date," whereas "[s]uch a showing was necessary." <u>Piccolo v. Woodford, Adm'r</u>, 184 Va. 432, 440, 35 S.E.2d 393, 396 (1945) (citing <u>Howard v. Commonwealth</u>, 174 Va. 417, 422, 4 S.E.2d 757, 759 (1939)); <u>see</u> <u>Chichester</u>, 248 Va. at 322, 448 S.E.2d at 646; <u>Bryant</u>, 248 Va. at 181-83, 445 S.E.2d at 669; <u>see also</u> <u>Stewart v. Commonwealth</u>, 10 Va. App. 563, 569, 394 S.E.2d 509, 513 (1990) (affirming denial of motion for continuance based on defendant's "speculation" that missing witness might be potentially valuable).

CONCLUSION

The absence of a showing of prejudice, by itself, defeats Bravo's argument. Accordingly, we affirm his conviction.

<u>Affirmed.</u>